UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANDES VERA,<br>   Plaintiff,<br> v.<br>A. BARAJAS,<br>   Defendant. | Case No. 24-cv-06886-VKD (PR)<br><br>**ORDER SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915A; ORDER OF SERVICE** |

Pro se plaintiff Andes Vera, a California state prisoner, filed a complaint under 42 U.S.C. § 1983 against a prison guard at the Correctional Training Facility ("CTF") where Mr. Vera is currently incarcerated. Dkt. No. 5. The Court has already granted Mr. Vera's motion for leave to proceed *in forma pauperis*. Dkt. No. 6.

## I. BACKGROUND

The following facts are based on the allegations in Mr. Vera's complaint.

Mr. Vera is currently confined at CTF where the underlying events took place. Dkt. No. 1 ¶ 3. According to the complaint, on July 21, 2023, while en route to his prison work assignment, Mr. Vera was stopped and searched by defendant Correctional Officer A. Barajas. *Id.* ¶ 6. Officer Barajas confiscated a contraband cellular phone and a legally obtained Hiteker tablet. *Id.* Mr. Vera asked Officer Barajas to return the tablet, but he refused. *Id.* ¶ 7.

On August 7, 2023, Mr. Vera sent Officer Barajas a "CDCR GA-22 Form," requesting return of his tablet. Officer Barajas did not respond to the request. *Id.* ¶ 8, Ex. A.. On August 15, 2023, Mr. Vera filed a grievance (Log No. 435883) against Officer Barajas, alleging "among other things: Theft; Dishonesty; Tom Bane Act; etc." *Id.* ¶ 9.

1     On August 25, 2023, after Officer Barajas became aware of Mr. Vera's grievance, he
2 threatened to issue a Rules Violation Report ("RVR") against Mr. Vera. *Id.* ¶ 10. Mr. Vera
3 alleges that on the same day, Officer Barajas "generat[ed] a fabricated, retaliatory RVR Log No.
4 7345455 falsely accusing [him] of 'possession of a wireless device component,' in an effort to
5 cover-up [Officer Barajas's] theft" of the tablet. *Id.* ¶ 11, Ex. B. Mr. Vera was subsequently
6 found "not guilty" of the RVR. *Id.* ¶ 11.

7     On August 30, 2023, Mr. Vera filed another grievance (Log No. 442749) against Officer
8 Barajas, "alleging among other things: Retaliation, Intimidation, Harassment, etc." *Id.* ¶ 12.

9     In this action, Mr. Vera alleges that Officer Barajas retaliated against him for filing a
10 grievance against him, and that Officer Barajas's actions of threatening to and filing an RVR had a
11 "chilling effect" on the exercise of his First Amendment rights and did not advance any legitimate
12 correctional goals. *Id.* ¶¶ 16, 19. Mr. Vera seeks declaratory and injunctive relief, as well as
13 damages. Dkt. No. 1 at 11-12.

## II. STANDARD OF REVIEW

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). A court must dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). In conducting its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). Pro se pleadings must be liberally construed, particularly in civil rights cases. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988); *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v.*

2

*Atkins*, 487 U.S. 42, 48 (1988).

## III. DISCUSSION

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). Mr. Vera has asserted plausible claims for relief under section 1983 based on his allegations that Officer Barajas took adverse action (i.e., filing an RVR against Mr. Vera) because of Mr. Vera's protected conduct (i.e. filing a grievance), and that Officer Barajas's actions chilled the exercise of Mr. Vera's First Amendment rights and did not reasonably advance a legitimate correctional goal.

## IV. CONCLUSION

For the foregoing reasons and for good cause shown, the Court orders as follows:

1. **Defendant Correctional Officer A. Barajas** shall be served at the Correctional Training Facility in Soledad.

Service on defendants shall proceed under the CDCR e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the Clerk of the Court is directed to serve on CDCR via email the following documents: the operative complaint and any attachments thereto, Dkt. No. 1, this order of service, and a CDCR Report of E-Service Waiver form. The Clerk shall also include a magistrate judge jurisdiction consent/declination form. The clerk shall mail a copy of this Order to plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR shall provide the Court a completed CDCR Report of E-Service Waiver advising the Court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form.  The Clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service.  The Clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

2. All communications from Mr. Vera to the Court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

3. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

4. It is Mr. Vera's responsibility to prosecute this case.  Mr. Vera must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

5. No later than **ninety-one** (**91**) **days** from the filing date of this order, defendants may file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

   a. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If any defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

   b. **In the event defendants file a motion for summary judgment, the Ninth Circuit has held that, as a pro se prisoner, Mr. Vera must be concurrently provided the appropriate warnings under *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998)**

**(en banc).** *See Woods v. Carey*, 684 F.3d 934, 940 (9th Cir. 2012).

6. Mr. Vera's opposition to any dispositive motion shall be filed with the Court and served on defendants no later than **twenty-eight (28) days** from the date defendants' motion is filed. The Court advises Mr. Vera to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Mr. Vera is cautioned that failure to file an opposition to defendants' motion for summary judgment may be deemed to be a consent by Mr. Vera to the granting of the motion, and granting of judgment against Mr. Vera without a trial. *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

7. Defendants shall file a reply brief no later than **fourteen (14) days** after Mr. Vera's opposition is filed.

8. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

9. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

Dated: February 12, 2025

Virginia K. DeMarchi
United States Magistrate Judge